The ESTATE OF James Athon and Joe ATHON, Respondents,

v.

CONSECO FINANCE SERVICING CORP. and Brian Ronsee, Appellants.

No. WD 60585.

Missouri Court of Appeals, Western District.

Aug. 20, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 2002.

Application for Transfer Denied Nov. 26, 2002.

David G. Wasinger, St. Louis, MO, for appellant.

Derek A. Ward, Kansas City, MO, for respondent.

Before ROBERT G. ULRICH, P.J., PAUL M. SPINDEN and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, P.J.

Conseco Finance Servicing Corp. appeals the order of the trial court denying its motion to compel arbitration. It claims that the trial court erred in denying its motion to compel arbitration because the plaintiffs' claims arise from an agreement containing a broad arbitration provision. The judgment of the trial court is reversed, and the case is remanded to the trial court with directions.

On January 15, 1999, James Athon executed a Manufactured Home Promissory Note, Security Agreement and Disclosure Statement (Contract) granting a security interest in a 1996 Spirit Mobile Home to Conseco Finance Servicing Corp. On December 27, 2000, James Athon died owning the mobile home. Joe Athon alleges that he is the son and lawful heir to the Estate of James Athon. On February 15, 2001, the Inventory Control Manager of Conseco Finance Servicing Corp., Brian Ronsse, sent notice to James Athon in care of his attorney that the mobile home had been repossessed. The Estate of James Athon and Joe Athon (Plaintiffs) filed a petition against Conseco Finance Servicing Corp. and Brian Ronsse (Conseco) relating to the repossession of the mobile home. Plaintiffs' petition contained five counts: Respondeat Superior, Conversion, Trespass, Interference with Expectancy (Inheritance) Claim, and Unlawful Repossession of Personal Property. The crux of Plaintiffs' claims was that Conseco trespassed onto the property of the Estate of James Athon and wrongfully repossessed the mobile home.

The Contract between James Athon and Conseco provided the following arbitration provision:

> All disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract. The parties agree that the arbitrator shall have all powers provided by law, the Contract and the agreement of the parties. These powers shall include all legal and equitable remedies including, by not limited to, money damages, declaratory relief and injunctive relief. Notwithstanding anything hereunto the contrary, you retain an option to use judicial (filing a lawsuit) or non-judicial relief to enforce a security agreement relating to the Manufactured Home secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Manufactured Home or to foreclose on the Manufactured Home. The institution and maintenance of a lawsuit to foreclose upon any collateral, to obtain a monetary judgment or enforce the security agreement shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

Based upon this arbitration provision, Conseco filed a motion to dismiss or, in the alternative, to compel arbitration. The tri-

al court entered an order on October 2, 2001, denying this motion on the basis that Plaintiffs' statutory and tort claims are not claims directly based on the Contract between James Athon and Conseco. This appeal by Conseco followed.

■ In its sole point on appeal, Conseco claims that the trial court erred in denying its motion to compel arbitration because Plaintiffs' claims arise from the Contract between it and James Athon. Because the Contract between James Athon and Conseco involves interstate commerce, the Federal Arbitration Act (FAA) applies in this case. 9 U.S.C. § 2 (1999); *Greenwood v. Sherfield*, 895 S.W.2d 169, 172 (Mo.App. S.D.1995); *McCarney v. Nearing, Staats, Prelogar & Jones*, 866 S.W.2d 881, 888 (Mo.App. W.D. 1993).

■ Plaintiffs initially assert that this court does not have jurisdiction under either the FAA or the Missouri Uniform Arbitration Act to hear this appeal. Plaintiffs first argue that this court does not have jurisdiction under the FAA because the jurisdictional statement in Conseco's brief fails to comply with Rule 84.04(b). Rule 84.04(b) requires that an appellant's brief contain a concise statement of the grounds on which appellate jurisdiction is invoked:

> **Jurisdictional Statement.** Bare recitals that jurisdiction is invoked "on the ground that the construction of the Constitution of the United States or of this state is involved" or similar statements or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, section 3, of the Constitu-

tion whereon jurisdiction is sought to be predicated.

Conseco's jurisdictional statement provides:

> This Court has jurisdiction pursuant to R.S.Mo. § 435.440 and 9 U.S.C. § 16, which permit an appeal from an order denying a motion to compel arbitration.
>
> The present appeal stems from an Order entered on October 2, 2001, in which the Circuit Court of Jackson County, Missouri denied Conseco's Motion to Dismiss, or in the Alternative, to Compel Arbitration.

While Conseco's jurisdictional statement does identify the order that is being appealed, it technically does not comply with the requirement of Rule 84.04(b) that sufficient factual data be set forth demonstrating the applicability of the particular provision of Article V, section 3, of the Missouri Constitution whereon jurisdiction is sought to be predicated. Despite the violation of Rule 84.04(b), this appeal will not be dismissed because the jurisdiction of this court may be determined from the brief and record. *Robin Farms, Inc. v. Bartholome*, 989 S.W.2d 238, 245 (Mo.App. W.D. 1999).

The FAA permits an appeal from an order denying a petition to order arbitration.[1] 9 U.S.C. § 16(a)(1)(B); *Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 629 (Mo. App. E.D.1996); *Greenwood*, 895 S.W.2d at 172. This case is not within the exclusive jurisdiction of the Missouri Supreme Court; therefore, this court has jurisdiction to hear Conseco's appeal. Mo. CONST. ART. V, § 3.

■ Conseco claims that Plaintiffs' tort and statutory claims are subject to the broad arbitration provision contained in the Contract between it and James Athon.

---

1. Because the FAA grants this court jurisdiction over this appeal, Plaintiffs' argument that

the Missouri Act defeats jurisdiction need not be addressed. *Reis*, 935 S.W.2d at 629–630.

The FAA expresses the congressional policy of resolving disputes without resort to the courts by enforcement of arbitration agreements. *Greenwood*, 895 S.W.2d at 173; *McCarney*, 866 S.W.2d at 887. The public policy favoring arbitration, however, is not enough, standing alone, to extend the application of an arbitration clause beyond its intended scope. *Greenwood*, 895 S.W.2d at 174. Arbitration is a matter of contract; therefore, a party can be compelled to arbitration only when it has agreed to do so. *Id.* "Whether a dispute is covered by an arbitration clause is relegated to the courts as a matter of law and is to be determined from the contract entered into by the parties." *Id.* Review of the arbitrability of a dispute is *de novo*. *Fru-Con Constr. Co. v. Southwestern Redevelopment Corp. II*, 908 S.W.2d 741, 743–744 (Mo.App. E.D.1995).

In construing arbitration clauses, courts have categorized such clauses as "broad" or "narrow." *McCarney*, 866 S.W.2d at 889. A broad arbitration clause covers all disputes arising out of a contract to arbitrate while a narrow clause limits arbitration to specific types of disputes. *Id.* Where an arbitration clause is broad and contains no express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584–585, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

A party cannot avoid the broad language of an arbitration clause by casting its complaint in tort. *Altshul Stern & Co. v. Mitsui Bussan Kaisha, Ltd.*, 385 F.2d 158, 159 (2nd Cir.1967). Rather, arbitration must be compelled where a tort claim arises directly out of a dispute regarding the terms of the parties' contract. *Greenwood*, 895 S.W.2d at 174. At the very least, for a tort claim to be subject to arbitration under a broad arbitration clause, it must raise some issue the resolution of which requires reference to or construction of some portion of the parties' contract. *Id.* Where, however, a tort claim is independent of the contract terms and does not require reference to the underlying contract, arbitration is not compelled. *Id.* at 175. "The relationship between the tort claim and the contract is not satisfied simply because the dispute would not have arisen absent the existence of the contract between the parties." *Id.* at 174.

The arbitration provision in this case, encompassing "[a]ll disputes, claims or controversies arising from or relating to" the Contract between James Athon and Conseco is broad. Plaintiffs' claims are not immune from arbitration under this broad arbitration provision. The relationship between Plaintiffs' tort and statutory claims and the Contract is not simply that the dispute would not have arisen absent the existence of the Contract between James Athon and Conseco. Rather, the claims raise an issue the resolution of which requires reference to or construction of some part of the Contract. Specifically, Plaintiffs' claims of Respondeat Superior, Conversion, Trespass, Interference with Expectancy (Inheritance) Claim, and Unlawful Repossession of Personal Property (§ 443.300, RSMo 2000) raise issues of Conseco's right to enter the property and repossess the mobile home. The Contract between James Athon and Conseco provides Conseco with certain rights regarding these issues, and the resolution of the issues requires reference to the Contract. The tort and statutory claims, thus, arise from or are related to the Contract, which defines the relationship between James Athon and Conseco. They are not independent of the Contract. Plaintiffs have presented no evidence of a purpose to

exclude the claims from arbitration. To the contrary, the arbitration provision expressly provides that "[t]he parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this Contract." The present dispute is, therefore, subject to the arbitration provision. The trial court erred in denying Conseco's motion to compel arbitration. The order of the trial court is reversed, and the case is remanded to the trial court for entry of an order compelling the parties to proceed with arbitration.

SPINDEN, J. and EDWIN H. SMITH, J. concur.