NORTHWEST CHRYSLER–PLYMOUTH, INC., d/b/a Don Schunk Chrysler Jeep, a Delaware Corporation, Plaintiff/Respondent,

v.

DAIMLERCHRYSLER CORPORATION, a Delaware Corporation, and DaimlerChrysler Motors Company, L.L.C., a Delaware Limited Liability Company, Defendants/Appellants.

No. ED 85649.

Missouri Court of Appeals, Eastern District, Division One.

June 21, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 25, 2005.

Application for Transfer Denied Aug. 30, 2005.

Brent Winfield Baldwin, Steven Mathew Wald, co-counsel, St. Louis, MO, for Appellant.

Robert D. Blitz, Wllen Wyatt Dunne, co-counsel, Clayton, MO, for Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

DaimlerChrysler Corporation (DCC) and DaimlerChrysler Motors Company, L.L.C., (DCMC) (collectively Appellants) appeal from a trial court order denying their Petition to Stay and Compel Arbitration (Motion to Compel Arbitration) of the tort claims brought against them by Northwest Chrysler–Plymouth, Inc., d/b/a Don Schunk Chrysler Jeep (Respondent). We affirm.

*Factual and Procedural Background*

Respondent filed a Petition against Appellants alleging products liability and negligence, or in the alternative, *res ipsa loquitur*. In its Petition, Respondent alleged that it had purchased a PT Cruiser from DCMC[1] and that while in Respondent's showroom, the PT Cruiser caught fire due to a defect in the manufacturing and/or design of the car's engine and/or electrical system, resulting in damage to the showroom and offices as well as several other cars in the showroom.

Subsequently, Appellants filed their Motion to Compel Arbitration, under the Federal Arbitration Act (FAA), 9 U.S.C. section 1 *et seq.*, to which Respondent filed a Memorandum in Opposition. In their Motion to Compel Arbitration, Appellants alleged that the PT Cruiser had been purchased pursuant to a Sales and Service Agreement (the Agreement) entered into between Respondent and DCMC. The Agreement included the following Arbitration Provision in relevant part:

> Any and all disputes arising out of or in connection with the interpretation, performance or nonperformance of this Agreement or any and all disputes arising out of or in connection with transactions in any way related to this Agreement (including, but not limited to, the validity, scope and enforceability of this arbitration provision, or disputes under rights granted pursuant to the statutes of the state in which DEALER is licensed) shall be finally and completely resolved by arbitration pursuant to the arbitration laws of the United States of America as codified in Title 9 of the United States Code, Sections 1–14, under the Rules of Commercial Arbitration of the American Arbitration Association. . . .

It is the intent and desire of DEALER and [DCMC] to hereby and forever renounce and reject any and all recourse to litigation before any judicial or administrative forum and to accept the award of the arbitration panel as final and binding, subject to no judicial or administrative review, except on those grounds set forth in 9 U.S.C. section 10 and 11.

The trial court entered an order denying Appellants' Motion to Compel Arbitration. The court found that Respondent's tort claims based on theories of products liability, negligence and *res ipsa loquitur* are beyond the scope of the Arbitration Provision because the claims would have arisen regardless of the Agreement. The trial court noted that had Respondent purchased the PT Cruiser at issue from another dealer or had the car been present pursuant to a loan, Respondent still would have the tort claims against Appellants. The trial court also found Respondent's tort claims beyond the scope of the Arbitration Provision because the resolution of the claims would not require a reference to or construction of a portion of the Agreement. Appellants appeal from the trial court order denying their Motion to Compel Arbitration.

*Standard of Review*

■ An order denying a motion to compel arbitration is appealable under Section 435.440.1(1) RSMo 2000 and under 9 U.S.C. section 16(a)(1)(B)(1996). *Greenwood v. Sherfield*, 895 S.W.2d 169, 172 (Mo.App. S.D.1995). Whether a dispute is covered by an arbitration provision is a question of law, and we review the arbitrability of a dispute *de novo*. *Dunn Indus.*

---

1. DCC designs and manufactures Daimler-Chrysler automobiles, including the PT Cruiser. DCMC sells, distributes and warrants DCC automobiles.

*Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003).

### Discussion

■ Appellants raise two points on appeal. In their first point, Appellants argue that the trial court erred in denying their Motion to Compel Arbitration because the plain language of the Agreement, construed in accordance with applicable principles, encompasses Respondent's tort claims in that the dispute arises out of an allegedly non-conforming vehicle purchased by Respondent in a transaction under the Agreement.

■ Before a party may be compelled to arbitrate under the FAA, a court must determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the substantive scope of that agreement. *Dunn*, 112 S.W.3d at 427–428. Standing alone, a public policy favoring arbitration is not enough to extend the application of an arbitration clause far beyond its intended scope. *Greenwood*, 895 S.W.2d at 174; *Estate of Athon v. Conseco Fin. Servicing Corp.*, 88 S.W.3d 26, 30 (Mo.App. W.D. 2002).

■ Arbitration must be compelled where a tort claim arises directly out of a dispute regarding the terms of the parties' contract. *Greenwood*, 895 S.W.2d at 174; *Estate of Athon*, 88 S.W.3d at 30. At the very least, for a tort claim to be subject to arbitration under a broad arbitration clause,[2] it must raise some issue the resolution of which requires reference to or construction of some portion of the parties' contract. *Estate of Athon*, 88 S.W.3d at 30. Where a tort claim is independent of

the contract terms and does not require reference to the underlying contract, arbitration is not compelled. *Id.*

The Introduction to the Agreement states:

> The purpose of the relationship established by this Agreement is to provide a means for the sale and service of specified Chrysler vehicles and the sale of [DCMC] vehicle parts and accessories in a manner that will maximize customer satisfaction and be of benefit to DEALER and [DCMC].

We conclude that the tort claims raised by Respondent do not arise out of or in connection with the Agreement. The tort claims do not raise any issue the resolution of which requires reference to or construction of some part of the Agreement. *Cf. Estate of Athon*, 88 S.W.3d at 30 (tort claims of respondeat superior, conversion, trespass, interference with expectancy, and unlawful repossession of personal property raised issues of the defendant's right to enter the property and to repossess a mobile home that required reference to a contract between the parties, and therefore the claims were subject to the arbitration provision of the contract).[3] Further, the resolution of the tort claims does not require an examination of the parties' respective obligations and performance under the Agreement. *Cf. Dunn*, 112 S.W.3d at 428. Respondent did not file the Petition on the basis of the Agreement or a breach of it, but rather on the basis of allegations of product liability, negligence and *res ipsa loquitur* due to an alleged manufacturing and/or design defect in the PT Cruiser. Appellants do not identify any portion of the Agreement that would need to be referred to or interpreted to

---

**2.** A broad arbitration clause covers all disputes arising out of a contract to arbitrate. *Dunn*, 112 S.W.3d at 428.

**3.** We note that, unlike the provision at issue here, the arbitration provision in *Estate of Athon* specifically included tort claims. *Id.* at 28.

determine whether such a defect or defects existed. Although Respondent refers generally to the Agreement in the Petition, it does so by way of factual background not as the basis for liability under the tort claims.

Further, the tort claims do not arise out of or in connection with a transaction under the Agreement. Appellants argue that the tort claims arise out of or are connected to the sale of the PT Cruiser, a "transaction" under the Agreement. We disagree. An alleged manufacturing and/or design defect, the basis for liability, bears no meaningful connection to the sale transaction under the Agreement. The tort claims are independent of the sale. Respondent could maintain such claims against Appellants regardless of the Agreement and the sale transaction.

Accordingly, the trial court properly determined that Respondent's tort claims are not within the scope of the Arbitration Provision in the Agreement, and therefore arbitration should not be compelled. Appellants' point one on appeal is denied.

In light of our resolution of Appellants' point one, Appellants' point two on appeal, arguing that DCC is entitled to enforce the Arbitration Provision against Respondent although DCC was not a signatory to the Agreement, is moot.[4]

### Conclusion

The trial court's order denying Appellants' Motion to Compel Arbitration is affirmed.

GARY M. GAERTNER, SR., P.J., and BOOKER T. SHAW, J., concur.

---

4. We also need not address the waiver of arbitration argument made by Respondent in its brief.