

# Missouri Court of Appeals

## Southern District

### Division Two

TXR, LLC,                                              )
                                                       )
    Plaintiff-Respondent,                         )
                                                       )
vs.                                                    )    No. SD33036
                                                       )
WILLIAM E. "WES" STRICKER and                          )    Filed June 11, 2014
PAMELA H. "PAM" STRICKER,                              )
                                                       )
    Defendants-Appellants.                        )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Kenneth Michael Hayden, Circuit Judge

AFFIRMED

TXR, LLC ("TXR"), filed a petition against William E. "Wes" Stricker and Pamela H. "Pam" Stricker seeking recovery of money damages arising out of a written contract for TXR's design and construction services for the Strickers' new custom residence. As alleged in TXR's petition, section nine of the terms and conditions of the contract provided the following:

> MEDIATION; ARBITRATION; JURISDICTION: Prior to arbitration, the parties shall endeavor in good faith to resolve any claim, dispute or other matter in question arising from, related to or connected with the Agreement between themselves and through mediation, and mediation shall be a condition precedent to arbitration or to the institution of legal or equitable proceedings by either party.[1] If such matter relates or is subject to a lien arising out of design-

---

[1] The Strickers concede in their brief that this condition precedent has been satisfied.

Builder's [sic] services, Design-Builder may proceed in accordance with the applicable law to comply with the lien notice or related filing deadlines prior to the initiation or resolution, mediation or arbitration. The parties shall share equally any mediation or arbitration fees.

The venue of any mediation, arbitration or litigation filed and related to the Agreement shall be in Camden County, Missouri and the parties consent to the full jurisdiction of the Camden County, Missouri Circuit Court in these regards.

Any agreement reached in mediation or arbitration shall be enforceable as settlement agreements in any court of competent jurisdiction.

In addition, immediately above the signature lines in the alleged contract appears the sentence, in all capital letters, "THIS PROPOSAL CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

In response to TRX's petition, the Strickers filed a motion to stay this action and compel arbitration.[2] The docket sheet reflects that a hearing was held wherein "Case called. Parties appear. [Strickers'] motion to stay or compel arbitration is denied." The Strickers now appeal this denial of their motion. *See* section 435.440.1(1)[3]; ***Hershewe v. Alexander***, 264 S.W.3d 717, 718 (Mo.App. 2008); ***Jackson Cnty. v. McClain Enters., Inc.***, 190 S.W.3d 633, 638-39 (Mo.App. 2006).

In their first and second points, the Strickers state that the legal reason the trial court erred in denying their motion to compel arbitration is "the terms of the agreement provided for binding arbitration[.]" In their third point, they contend that having induced contract formation by virtue of a "promise of arbitration in the event of any dispute," TXR should now be equitably estopped from abandoning that promise by resorting to litigation. All three points fail because they are based upon the faulty premise that the alleged contract mandates arbitration.

---

[2] The Strickers also simultaneously filed motions to dismiss, but the substance of those motions are not germane to any issue in this appeal.
[3] All statutory references are to RSMo 2000, unless otherwise indicated.

Construction of a written agreement with respect to arbitrability is a matter of law, which we review *de novo*. ***Triarch Indus., Inc. v. Crabtree***, 158 S.W.3d 772, 774 (Mo. banc 2005). "Arbitration is a matter of contract, and a party cannot be required to arbitrate a dispute that it has not agreed to arbitrate." ***Dunn Indus. Grp., Inc. v. City of Sugar Creek***, 112 S.W.3d 421, 435 (Mo. banc 2003).

> [I]n determining whether the parties have entered into a valid agreement to arbitrate, the usual rules of state contract law and canons of contract interpretation apply. The guiding principle of contract interpretation under Missouri law is that a court will seek to ascertain the intent of the parties and to give effect to that intent. The intent of the parties to a contract is presumed to be expressed by the ordinary meaning of the contract's terms. If the contract is unambiguous, it will be enforced according to its terms.

***Triarch Indus., Inc.***, 158 S.W.3d at 776 (internal citations omitted).

The Strickers take "the position that the statement 'THIS PROPOSAL CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES' is unambiguous and provides for mandatory binding arbitration." They support this position by noting that "[c]ompliance with the statutory prerequisites found in § 435.[4]60 indicates a specific intent to make any dispute subject to arbitration."[4] While we agree that this notice is unambiguous, the Strickers point us to nothing and we find nothing in the language of this notice that *mandates* arbitration for *any* dispute, as they claim. Rather, "the logical purpose" of this notice and "of Section 435.460 is to notify parties that their contractual agreement includes a provision for arbitration." ***State ex rel. Tri-City Constr. Co. v. Marsh***, 668 S.W.2d 148, 153

---

[4] Section 435.460 provides:

> Each contract subject to the provisions of sections 435.350 to 435.470 [Missouri Uniform Arbitration Act] shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read[s] substantially as follows:

> "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

3

(Mo.App. 1984). The notice here serves this purpose because the contract, as alleged in TXR's petition, contains provisions for arbitration in section nine of its terms and conditions.

Section nine of the terms and conditions of the contract provides six requirements concerning arbitration: first, "[p]rior to arbitration, the parties shall endeavor in good faith to resolve any claim, dispute or other matter in question arising from, related to or connected with the Agreement between themselves and through mediation"; second, "mediation shall be a condition precedent to arbitration"; third, TXR may "comply with the lien notice or related filing deadlines prior to… arbitration"; fourth, "[t]he parties shall share equally any . . . arbitration fees[]"; fifth, "[t]he venue of any . . . arbitration . . . related to the Agreement shall be in Camden County, Missouri"; and sixth, "[a]ny agreement reached in . . . arbitration shall be enforceable as settlement agreements in any court of competent jurisdiction." At best, these requirements only speak to procedural issues should the parties submit a dispute arising out of the contract to arbitration.

Noticeably absent from section nine is any provision mandating arbitration. "While courts look favorably upon clauses entitling a party to arbitration, this does not mean that a court will create ambiguity where, as here, none exists, or that it will read a right to arbitrate into a contract where, as here, the contract does not provide such a right." *Triarch Indus., Inc.*, 158 S.W.3d at 777.

The Strickers' three points are denied.[5] The trial court's order denying the Strickers' motion to stay this action and to compel arbitration is affirmed.

_____

[5] The Strickers' first and third points attempt to address additional issues that are based upon either facts outside of those alleged in TXR's petition or TXR's alleged failure to make any legal arguments to the trial court supporting its position. Even if we assume, without deciding, that TXR was required to argue to the trial court the basis for its opposition to the motion to compel arbitration, we are unable to address any of these other issues because we have not been provided with any record, by way of a transcript or exhibits, of what evidence or legal arguments, if any, were before or heard by the trial court during its hearing on the Strickers' motion to compel arbitration. "An

GARY W. LYNCH, J. - Opinion author

JEFFREY W. BATES, P.J. - concurs

DON E. BURRELL, J. - concurs

---

appellant is responsible for filing transcripts of the evidence and for preparing a legal file so that the record on appeal contains all of the evidence necessary for determination of questions presented to the appellate court for determination." *In re Carl McDonald Revocable Trust Dated Oct. 1, 1979*, 942 S.W.2d 926, 932 (Mo.App. 1997). Both parties improperly included records from another case in the legal files in this case. Unless the record reveals the documents included in a legal file were properly made part of the record, we cannot say they were before the trial court and are not now before us. *See Sher v. Chand*, 889 S.W.2d 79, 84 (Mo.App. 1994). Here, the legal file, standing alone, tells us nothing about what was placed before the trial court during the hearing on the Strickers' motion to compel arbitration.