Edward J. HERSHEWE, et al.,
Plaintiffs–Respondents,

v.

Robert ALEXANDER, et al.,
Defendants–Respondents,

Jose Angel Martinez, Defendant–
Appellant.

No. SD 28781.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 2, 2008.

Robert L. Brady, Erica J.S. Bash, St. Louis, for appellant.

Shelly Dreyer, Joplin, Aaron W. Smith, Columbia, for respondents Edward & Alison Hershewe.

NANCY STEFFEN RAHMEYER, Judge.

Jose Angel Martinez ("Appellant") appeals the circuit court's denial of his Motion to Dismiss or, in the Alternative, to Stay and to Compel Arbitration. By order dated February 7, 2007, the circuit court denied Appellant's motion.[1] Appellant filed a notice of appeal on October 16, 2007. The question before this Court is if an appeal from an order denying a motion to stay and to compel arbitration is timely when the notice of appeal is filed more than ten days after the order denying the motion. It is not. The appeal is dismissed.

 Although the respondent has not objected to this Court's jurisdiction[2] to hear this appeal, this Court has a duty to

---

1. Initially, we note that although the motion to compel arbitration was ruled by an order, the court attempted to designate that order final and appealable on September 7, 2007.

2. We note that many of our cases use the word "jurisdiction" in analyzing whether an appeal is timely. Recent cases indicate that the correct question is whether we have the "authority" to decide the merits of an appeal which has not been brought through proper

determine *sua sponte* whether we have jurisdiction because without jurisdiction an appeal must be dismissed. *Norman v. Phelps County Regional Medical Center,* 256 S.W.3d 202, 204 (Mo.App. S.D.2008). Although section 512.020 generally grants parties the right to appeal from any final judgment in the case, this case involves an appeal in which there is a specific statute, section 435.440, granting an appeal from an order denying an application to compel arbitration.[3] Section 435.440 states, "1. An appeal may be taken from: (1) An order denying an application to compel arbitration made under section 435.355; ... 2. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." The question then is which statute controls the resolution of this case. The appeal is timely if section 512.020 governs; it is not timely if section 435.440 applies.

█ This issue has been directly addressed in *Jackson County v. McClain Enterprises, Inc.,* 190 S.W.3d 633, 637–39 (Mo.App. W.D.2006), and *Fleming & Hall Administrators, Inc. v. Response Ins. Co.,* 195 S.W.3d 458, 460 (Mo.App. W.D.2006). The Western District of this Court held that although section 512.020 generally governs appeals, section 435.440.1 "expressly grants the right to appeal orders denying an application to compel arbitration." Jackson County, 190 S.W.3d at 638.

" '[W]hen the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general.' " *Jackson County,* 190 S.W.3d at 638 (*quoting Crack Team USA, Inc. v. Am. Arbitration Ass'n,* 128 S.W.3d 580, 581 (Mo.App. E.D.2004)). Thus, section 435.440 takes priority over section 512.020 when the order is one denying a motion to stay and compel arbitration. *Jackson County,* 190 S.W.3d at 638.

Because section 435.440 controls, orders denying motions to compel arbitration are final and appealable immediately after the order has been issued and the notice of appeal must be filed within ten days of the final order denying an application to compel arbitration. *See* Rule 81.04 (stating a notice of appeal must be filed within ten days after a judgment becomes final). The notice of appeal should have been filed within ten days of the February 7, 2007 order denying Appellant's motion to stay and compel arbitration. The notice of appeal was not filed until October 16, 2007; the appeal is not timely and must be dismissed.

LYNCH, C.J., PARRISH, J., concur.

---

procedures. *See, e.g., In re Estate of Shaw,* 256 S.W.3d 72, 77 (Mo. banc 2008).

**3.** All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2008), unless otherwise specified.