

# Missouri Court of Appeals
## Southern District
### Division Two

MATTHEW ALEXANDER NICHOLSON and )
JAILYN MARCHAI NICHOLSON, )
                                          )
      Plaintiffs-Respondents, )
                                          )
vs. )     Nos. SD32745 & SD33075
                                          )        (Consolidated)
SURREY VACATION RESORTS, INC., )
                                          )     Filed February 4, 2015
      Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Michael J. Ligons, Associate Circuit Judge

<u>APPEAL NO. SD32745 REVERSED AND REMANDED; APPEAL NO. SD33075
DISMISSED</u>

Surrey Vacation Resorts, Inc. ("Surrey"), in Appeal No. SD32745, appeals the denial of
its Renewed Motion to Compel Arbitration ("first appeal"), and in Appeal No. SD33075, Surrey
appeals the denial of its Second Renewed Motion to Compel Arbitration ("second appeal"). The
appeals have been consolidated for all purposes. Surrey raises six points. Finding merit in
Surrey's second point, which revolves around the burden of proof applied by the trial court in
deciding Surrey's Renewed Motion to Compel Arbitration, we reverse and remand in the first
appeal. Finding all matters concerning Surrey's Second Renewed Motion to Compel Arbitration
to be a nullity, we dismiss the second appeal.

**Factual and Procedural Background**

The interlocutory nature of these appeals has created an interesting situation in which the factual background, relying primarily upon the allegations in the petition, is rather underdeveloped and the procedural background is rather overdeveloped by the trial court's multiple rulings on multiple motions all raising the same issue. The petition alleges that Matthew Alexander Nicholson and Jailyn Marchai Nicholson ("the Nicholsons") purchased from Surrey an "interval ownership interest" (a timeshare) in Surrey Grand Crown Resort Condominium, that Surrey indicated to the Nicholsons that their share would be bought back at any time if they became dissatisfied, and that Surrey failed to live up to that promise. The Nicholsons further alleged in their petition that they executed a document entitled "Surrey Vacation Resorts, Inc. Interval Ownership Contract and Installment Note" on or about August 15, 2010, for the sum of $8,700 and a processing fee of $489, and that they resided at a specified address in Huntsville, Alabama. As pertinent to these appeals, Surrey filed a motion asking the trial court to compel arbitration. This led to the following procedural background:

| | |
|---|---|
| **February 24, 2012** | Surrey filed its Motion to Compel Arbitration. |
| **March 13, 2013** | Surrey's Motion to Compel Arbitration is dismissed by docket entry: "**Order**" "Case called. No appearances. All pending motions are dismissed. Case set for dismissal docket." |
| **May 1, 2013** | Surrey files its Renewed Motion to Compel Arbitration. |
| **May 20, 2013** | Hearing held on Surrey's Renewed Motion to Compel Arbitration. |

At the hearing on the Renewed Motion to Compel Arbitration, Surrey's only witness was Melinda Goodwin, the chief financial officer of Surrey Vacation Resorts, Inc. Goodwin testified that the petition filed by the Nicholsons (which was admitted into evidence) referred to a document entitled "Surrey Vacation Resorts, Inc. intevnal [sic] ownership contract and installment note." Goodwin had reviewed Surrey's files and found what she believed was that document. Surrey marked that document as Exhibit 2 and moved to admit it into evidence.

2

Counsel for the Nicholsons offered "[n]o objection, other than to the extent of trying to identify whose signatures appear." It was admitted over that objection. Although Goodwin had never met the Nicholsons before and had not personally seen them sign Exhibit 2, Surrey kept a copy of the identification documentation presented by the signatories at the time the document was signed and had the contract notarized. In an acknowledgment, the notary public certified that Matthew Alexander Nicholson and Jailyn Marchai Nicholson, husband and wife, appeared in person and "stated that he/she had executed the foregoing Contract for the consideration and purposes therein mentioned and set forth[.]" Goodwin believed that Exhibit 2 was the contract referred to by plaintiffs in their petition because the titles, names, addresses, and dates all matched the allegations set forth in the petition.[1]

Exhibit 2 contains a mandatory arbitration provision. Based on this provision, counsel for Surrey argued that the trial court should compel arbitration. Counsel for the Nicholsons argued that the provision should not be enforced because Surrey had failed to meet their evidentiary burden to produce competent evidence of a valid arbitration provision between the parties because Goodwin testified on "pure assumption" that the plaintiff-Nicholsons were the same Nicholsons that signed the document. The Nicholsons' counsel advised the trial court that two Supreme Court of Missouri cases (**Brewer v. Mo.Title Loans**, 364 S.W.3d 486 (Mo. banc 2012), and **Robinson v. Title Lenders, Inc.**, 364 S.W.3d 505 (Mo. banc 2012)) put this burden on Surrey and concluded that the only way to proceed was for Surrey to establish the identity of the signatories of Exhibit 2 by taking plaintiffs' depositions and filing interrogatories.

---

[1] Exhibit 2 is entitled "Surrey Vacation Resorts, Inc. Interval Ownership Contract and Installment Note." It is dated August 15, 2010, shows a purchase price of $8,700 and a processing fee of $489 and purports to be signed by Matthew Alexander Nicholson and Jailyn Marchai Nicholson of a specified address in Huntsville, AL 35811. Each of these Exhibit 2 characteristics identically matches the Nicholsons' allegation in their petition identifying and describing their contract with Surrey.

In making its ruling, the trial court stated that there was nothing to establish that the plaintiffs were "a party to the contract [] admitted into evidence, other than that they have matching names." The trial court denied the motion to compel arbitration on that basis alone. Accordingly, the following occurred:

| | |
|---|---|
| **May 20, 2013** | Surrey's Renewed Motion to Compel Arbitration is denied by docket entry: "**Order**" "Case called. Motion to Compel Arbitration is taken up. Evidence presented. Motion to Compel Arbitration is denied. So ordered." |
| **May 23, 2013** | Surrey files a Notice of Appeal with Taney County Circuit Clerk giving rise to the first appeal in this court. |

This court thereafter issued to Surrey its Order to Show Cause based upon our initial concern that the docket entry of May 20, 2013, was denominated as an "order" and not a "judgment." Surrey responded to our show-cause order, but also returned to the trial court to seek a perfected order denominated as a judgment. This led to the following procedural dichotomy in which the trial court and our court simultaneously had the exact same issue pending before each:

| | |
|---|---|
| **June 7, 2013** | This court issued an Order to Show Cause why the first appeal should not be dismissed for lack of a final judgment. |
| **June 24, 2013** | The trial court entered its "Judgment Denying Motion to Compel Arbitration Without Prejudice" [referring to Surrey's Renewed Motion to Compel Arbitration]. |
| **August 9, 2013** | Surrey filed its Second Renewed Motion to Compel Arbitration in the trial court. |
| **September 18, 2013** | An evidentiary hearing was held in the trial court on Surrey's Second Renewed Motion to Compel Arbitration. |
| **November 6, 2013** | The trial court signed an Order and Judgment denying Surrey's Second Renewed Motion to Compel Arbitration. |
| **December 2, 2013** | The signed Order and Judgment denying the Second Renewed Motion to Compel Arbitration was apparently filed with the Taney County Circuit Clerk. |
| **December 11, 2013** | Surrey filed a Notice of Appeal with the Taney County Circuit Clerk giving rise to the second appeal in this court. |
| **January 13, 2014** | This court consolidated the first and second appeals for all purposes. |

**Discussion**

Surrey raises six points in these consolidated appeals. Because the Nicholsons challenge our authority to hear this case, we begin by discussing the appellate jurisdiction of this court. Finding that appellate jurisdiction exists as to Surrey's first appeal, but not its second appeal, we turn to the merits of Surrey's second point and conclude that the denial of Surrey's Renewed Motion to Compel Arbitration was erroneous as a matter of law. Because resolution of this point is dispositive, we need not and do not reach Surrey's other points.

### I. *Appellate Jurisdiction over the First Appeal*

The Nicholsons contend we have no appellate jurisdiction over the first appeal for three relevant reasons: (1) because an appeal could only be appropriately taken from the trial court's first dismissal of all pending motions (which included the original Motion to Compel Arbitration); (2) because the Renewed Motion to Compel Arbitration was denied without prejudice; and (3) because the docket entry denying the Renewed Motion to Compel Arbitration is not denominated as a judgment. "Whether this court has [appellate] jurisdiction is a question of law that we review *de novo.*" *Dunkle v. Dunkle,* 158 S.W.3d 823, 827 (Mo.App. 2005).

### A. First Appeal is an Interlocutory Appeal from an Interlocutory Trial Court Order Denying an Application to Compel Arbitration

Section 435.440 provides that an appeal may be taken from an order denying an application to compel arbitration made under section 435.355.[2] The Nicholsons contend, based on this language, that Surrey's appeal should have been taken following the trial court's dismissal of all pending motions (including Surrey's original Motion to Compel Arbitration) because the dismissal was a denial of an application to compel arbitration and failure to appeal within ten days thereafter prohibits further review of the matter. The Nicholsons also contend

---

[2] Statutory references are to RSMo 2000.

5

that the order denying the Renewed Motion to Compel Arbitration was not final and appealable because the trial court denied the motion without prejudice.  Both of these arguments fail because, before either a section 435.440 appeal is taken or, in the absence of such an interlocutory appeal, the entry of a final judgment, all trial court rulings denying an application to compel arbitration are interlocutory—without prejudice, and therefore, section 435.440 necessarily allows an interlocutory appeal from any such order, even if the trial court had previously entered an order denying a previous application.

Generally, any order or judgment entered by a trial court before a judgment becomes final and appealable is interlocutory.[3] *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969).  As our supreme court stated in *Greene*:

> Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable.  Of course, any such action should be taken only after proper notice to the parties.

*Id.*  "'An interlocutory order is always under the control of the court making it.'"  *Id.* (quoting *Barlow v. Scott*, 85 S.W.2d 504, 519 (Mo. 1935)).

Regardless of whether Surrey could have appealed from the dismissal of all pending motions, Surrey did not.[4]  In the absence of a section 435.440 interlocutory appeal staying the trial court's authority over this issue, *see* discussion *infra* concerning the second appeal, the trial

---

[3] One exception to this general rule is when an issue in a case is pending before an appellate court on an interlocutory appeal in that case, as explained in the next section of this opinion, *infra*.

[4] We note with skepticism the concept of appealing from a dismissal of all motions when dismissal is a sanction for not appearing.  Section 435.440 does not state that an appeal may be taken from an order *dismissing* an application to compel arbitration.  As procedurally presented here, there is a fundamental difference between a dismissal of a motion and a denial of a motion.  Here, Surrey's Motion to Compel Arbitration was dismissed as a sanction for not appearing on the date set by the court for hearing, i.e., "before the trial of the issues involved."  BLACK'S LAW DICTIONARY 537 (9th ed. 2009).  In contrast, Surrey's Renewed Motion to Compel Arbitration was denied after a full hearing on the motion, i.e., the trial court made a conscious decision to "refus[e] to grant [the] request presented in [the] motion."  BLACK'S LAW DICTIONARY 499 (9th ed. 2009).  Nevertheless, we need not determine whether section 435.440 permits appeal from the dismissal of a motion to compel arbitration as a sanction for failing to appear because no section 435.440 appeal was taken from that dismissal.

court's ruling on the issue remained interlocutory. It, therefore, retained authority to reconsider the issue in a renewed motion. Missouri does not follow the doctrine that a motion once ruled cannot be reconsidered. *Richey v. Meter Invs., Inc.*, 680 S.W.2d 381, 384 (Mo.App. 1984) (citing *Rozansky Feed Co., Inc. v. Monsanto Co.*, 579 S.W.2d 810, 813 (Mo.App. 1979)).

Similarly, the trial court's order denying Surrey's Renewed Motion to Compel Arbitration was an interlocutory order, and characterizing such a ruling as being with or without prejudice is illogical. "At any time before final judgment a court may open, amend, reverse or vacate an interlocutory order." *Around the World Importing, Inc. v. Mercantile Trust Co.*, 795 S.W.2d 85, 88 (Mo.App. 1990). Therefore, even if a trial court order illogically states that it is denying a pre-trial motion with prejudice, the trial court, nevertheless, retains the authority to change its ruling. For all practical effects, this continuing authority renders every pre-trial motion ruling without prejudice and subject to reconsideration by the trial court if it is entered before an authorized interlocutory appeal is taken on the ruled issue or, in its absence, before a final judgment is entered. *See Greene*, 438 S.W.2d at 232 (before a final and appealable judgment, trial court had authority to amend order dismissing with prejudice one of multiple defendants to an order of dismissal without prejudice).

The Nicholsons argue that, based on *Basta v. Kansas City Power & Light Co.*, 410 S.W.3d 743, 747 (Mo.App. 2013), an order denying a motion without prejudice is not appealable where the movant may cure the underlying defect. The Nicholsons believe that Surrey could have cured the alleged defect (the reason the motion was denied) by establishing the identity of the parties in a subsequent evidentiary hearing on its motion. *Basta* is factually dissimilar and inapplicable because it concerned the voluntary *dismissal* without prejudice of an entire lawsuit, not the trial court's *denial* of a motion. *Id.* A voluntary dismissal without prejudice does not

7

rule on the merits of the cause of action and does not fall into one of the categories denominated for interlocutory appeal under section 512.020. *Id.* at 747-48 (citing *A.L. v. Peeler*, 969 S.W.2d 262, 264 (Mo.App. 1998)). Similarly, it does not address an interlocutory appeal allowed by section 435.440, as involved here.

Although the Nicholsons are correct that interlocutory trial court rulings are not typically appealable, here there is explicit statutory authority under section 435.440 to allow this particular type of interlocutory appeal, independent of section 512.020 granting a right to appeal a final judgment. Section 435.440 simply, clearly, and plainly provides that an "appeal may be taken from . . . [a]n order denying an application to compel arbitration made under section 435.355." It, therefore, allows, but does not require, an interlocutory appeal from what is otherwise a trial court's interlocutory order denying an application to compel arbitration. This statute does not require in any manner, however, that such an appeal must be taken from the *first* order denying an application to compel arbitration or that an order denying an application to compel arbitration be made with prejudice or otherwise be some type of a *final* determination by the trial court of the issue. Adopting either requirement would put us into the position of reading something into the statute that is not provided by its clear and plain language.

### B. Order Denying Application to Compel Arbitration Need Not Be Denominated as a Judgment

The Nicholsons next contend that we lack appellate jurisdiction over the first appeal based on the plain language of Rule 74.01 as applied to section 435.440.[5] Section 435.440 provides that an interlocutory appeal of the denial of a motion to compel arbitration shall be taken in the manner and to the same extent as from orders or judgments in a civil action. Rule 74.01 provides: "A judgment is rendered when entered. A judgment is entered when a writing

---

[5] Rule references are to Missouri Court Rules (2014).

signed by the judge and denominated 'judgment' or 'decree' is filed."  Based on this language,

the Nicholsons contend that because the docket entry denying Surrey's Renewed Motion to

Compel Arbitration was not denominated as a judgment, there is no final judgment from which

Surrey can appeal.

"Section 435.440.1 is a 'special statute' that takes precedence over the requirements in

Rule 74.01." *Jackson Cnty. v. McClain Enters., Inc.*, 190 S.W.3d 633, 638 (Mo.App. 2006).[6]

The denial of a motion to compel arbitration need not be denominated specifically as a judgment

because "Section 435.440.1 states that an appeal may be taken from 'an *order* denying an

application to compel arbitration.' (emphasis added)." *Id.* at 639.  Recently in *TXR, LLC v.*

*Stricker*, this district considered an appeal from the denial of a motion to compel arbitration in

which the order being appealed from was merely a docket entry stating: "Case called. Parties

appear. [Strickers'] motion to stay or compel arbitration is denied."  440 S.W.3d 541, 543

(Mo.App. 2014), *reh'g denied* June 27, 2014.  This district heard the appeal based on *Jackson*

*Cnty.* and *Hershewe v. Alexander,* 264 S.W.3d 717 (Mo.App. 2008).  In *Hershewe*, a motion to

compel arbitration was denied by order and the trial court later attempted to perfect that order.

---

[6] We note that the eastern district of our court has declined to follow *Jackson Cnty.* and has stated that Rule 74.01 applies to section 435.440 such that failure to denominate an order as a judgment can be an obstacle to review. *Robinson v. Advance Loans II, L.L.C.*, 290 S.W.3d 751, 755 (Mo.App. 2009). The Eastern District declined to follow *Jackson Cnty.* because it preceded *Spiece v. Garland*, 197 S.W.3d 594 (Mo. banc 2006). *Robinson*, 290 S.W.3d at 755 n.4.  In *Spiece*, the Supreme Court of Missouri held that Rule 74.01 applies to appealable orders listed in section 512.020 because section 512.020 does not address the procedural requirements for the appeal and Rule 74.01 is applicable to any order from which an appeal lies.  197 S.W.3d at 595-96.

   The purpose of requiring a judgment to be denominated as a judgment is to create a bright-line test to eliminate the confusion as to when a writing is a judgment for purposes of appeal, *Hamby v. City of Liberty*, 970 S.W.2d 382, 383 (Mo.App. 1998), and to "assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue[,]" *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). The purpose of Rule 74.01 is fulfilled when applied to section 512.020 because section 512.020 applies to orders constituting a final judgment and section 435.440 does not. *Madden v. Ellspermann*, 813 S.W.2d 51, 53 (Mo.App. 1991).  Section 435.400 has redefined the parameters of appealability in the context of an interlocutory appeal as opposed to an appeal of a final judgment such that *Spiece* is dissimilar and does not affect this district's view of *Jackson Cnty.*

9

264 S.W.3d at 717 n.1. This district held that the first order was an appealable order under Section 435.440. *Id.* at 718. **TXR** and **Hershewe** make it clear that this district will consider an interlocutory appeal under section 435.440 from an order that is not denominated as a judgment. In accord with **Jackson** and our previous decisions, the first appeal was appropriately taken from the docket entry order of May 20, 2013.

## *II. No Appellate Jurisdiction over Second Appeal*

The second appeal was taken from the trial court's denial, following an evidentiary hearing, of Surrey's Second Renewed Motion to Compel Arbitration.

Generally, an appeal cuts off trial court jurisdiction to exercise any judicial function in the case and vests the jurisdiction in the appellate court. **Reynolds v. Reynolds**, 109 S.W.3d 258, 270 (Mo.App. 2003). Although an interlocutory appeal may not stay every trial level proceeding, it stays the issue or issues involved in the appeal. **Top Craft, Inc. v. Int'l Collection Servs.**, 258 S.W.3d 488, 490-91 (Mo.App. 2008). Purported actions taken by the trial court related to those issues during the pendency of the interlocutory appeal are a nullity. **Id.** at 491.

Surrey's Second Renewed Motion to Compel Arbitration concerned the exact same matter and issue involved in the first appeal—compelling arbitration, which was pending in our Court during the time Surrey's second renewed motion was filed in, pending before, heard and decided by the trial court. Accordingly, any action taken by the trial court on that motion is a nullity, is void, and presents nothing for appeal. **Love v. First Crown Fin. Corp.**, 662 S.W.2d 283, 285-86 (Mo.App. 1983). Therefore, the second appeal, Appeal No. 33075, is dismissed.

## *III. Trial Court Misapplied the Law in Denying the Renewed Motion to Compel Arbitration*

Surrey contends that the trial court erred as a matter of law in denying its Renewed Motion to Compel Arbitration because the Nicholsons induced the trial court to rely on the wrong burden of proof required to establish that the plaintiff-Nicholsons were the Nicholsons

10

who signed Exhibit 2. "Whether the trial court should have granted a motion to compel arbitration is a question of law that this Court reviews *de novo*." ***Robinson***, 364 S.W.3d at 510 (citations and quotations omitted).

During the evidentiary hearing on this motion, and as conceded by the Nicholsons' counsel during oral argument, the authenticity of Exhibit 2 was uncontested. *See **White v. Dir. of Revenue***, 321 S.W.3d 298, 308 (Mo. banc 2010) (evidence is uncontested when a party admits by counsel the basic facts of the other party's case). In other words, there were no factual issues before the trial court as to the existence of Exhibit 2. The only contested factual issue before the trial court was "to the extent of trying to identify whose signatures appear" on Exhibit 2. Counsel for the Nicholsons argued:

> Your Honor, the first thing I'd like to address is, under the Missouri Supreme Court's decision in Brewer, that's a 2012 decision, that decision makes clear that a party filing a motion to compel arbitration has an evidentiary burden to produce competent evidence of a valid contract containing an arbitration provision between the parties.

Counsel went on to argue that:

> You can't meet that burden by admitted assumption, so we have kind of a procedural problem here. What should have happened, which is also addressed in the Brewer decision and the Robinson decision, also from the Missouri Supreme Court, is the High Court wants a full record on these issues. In Robinson, this type of thing was attempted by the defendant, and once it got on appeal, the High Court sent it back down and said, we need a full record. We can't address the arguments properly without having a full record.
> So what should have happened here was the Plaintiffs' depositions could have been taken, their signatures could have been verified, interrogatories could have been answered, I could have learned about this witness today [sic] prior to today and had a chance to take her deposition and ask questions about her involvement in the case, if any. Defendant is essentially trying to short-circuit its evidentiary burden today by showing up with one witness and not going through discovery. I think that if this were on appeal, the Higher Court would do what they did in Robertson -- Robinson, which was remand it, asking for discovery on these issues.

11

Based on counsel's argument, the trial court denied the motion because there was nothing before the court "that says that the Plaintiffs that have sued the Defendant are, in fact, a party to the contract [] admitted into evidence, other than that they have matching names."[7] Counsel's argument that *Brewer* and *Robinson* place the burden on Surrey to depose witnesses in order to verify the identity of the signatures stems from a failure to recognize and acknowledge the legal presumption of identity that the Nicholsons are the signatories on Exhibit 2 and the resulting impact on the evidentiary burden of proof.[8]

Surrey contends that "[p]roducing the contract, bearing the same name with the party in the suit, is *prima facie* sufficient, and throws it upon the other party to produce evidence against the identity. *Flournoy v. Warden,* 17 Mo. 435, 441 (1853)." Although we now refer to this theory as a presumption of identity and not a *prima facie* case, the rule supplied by Surrey, though old and not consistently applied in every instance, is still valid. *See, e.g.*, *Jones v. Phillips Petroleum Co.*, 186 S.W.2d 868, 873 (Mo.App. 1945), *overruled on other grounds in Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 813 (Mo. banc 1984), and *Wilson v. Benedict*, 2 S.W. 283 (Mo. 1886). The presumption appears to originate in an American Jurisprudence provision which, although renumbered, is still valid as well. *Jones*, 186 S.W.2d at 873 (citing 20 AM. JUR. § 204); 29 AM. JUR. 2d *Evidence* § 291 (2008) ("It is generally held that identity of

_____

[7] Typically, when a claim or defense is founded upon a written instrument, the document may be pleaded in one of three ways: according to legal effect, recited at length in the pleading, or attached to the pleading as an exhibit. Rule 55.22. When the latter two options are employed, the execution of the document is deemed confessed unless the party charged to have executed it specifically denies the execution. Rule 55.23. Here, the Nicholsons pleaded the contract between the parties in their petition according to its legal effect—the first option under Rule 55.22. Therefore, Rule 55.23 has no application here.

[8] The Nicholsons do not resurrect this view of *Brewer* and *Robinson* in their brief, and their failure to do so has abandoned the issue. *BCCLW/Casey, Inc. v. S.O. Gillioz Partners, Inc.*, 783 S.W.2d 174, 175 (Mo.App. 1990). Although the Nicholsons were not required to file a brief, because they did so and failed to respond to many of the points raised by Surrey, including this point, we can only assume that they have no basis for a contrary opinion. After a thorough review of both cases, we cannot ascertain the basis for the Nicholsons' arguments to the trial court and will not become an advocate for the Nicholsons by speculating as to arguments that have not been made. *Houston v. Crider*, 317 S.W.3d 178, 189 (Mo.App. 2010). We have only included this portion of their argument to the trial court in order to better explain the manner in which the trial court was induced to err.

12

names gives rise to a presumption of identity of persons, or is prima facie evidence of it."). The presumption arises regardless of how many people possess that same first and last name. ***Globe Printing Co. v. Stahl***, 23 Mo.App. 451, 455 (1886).

Although they filed a responding brief, the Nicholsons have failed to point out any reason why the presumption should not apply here, and we are aware of none. In ***Deffry v. Am. Life & Accident Ins. Co.***, 193 S.W.2d 509, 513 (Mo.App. 1946), the presumption applied to a life insurance policy in order to shift the burden of proof as to the identity of the beneficiary who had the same name as the plaintiff. We see no reason why the presumption would apply to a life insurance policy but not a timeshare contract. By ignoring the existence of this presumption of identity at the hearing, the trial court misapplied the law related to the burden of proof.

"When courts discuss the burden of proof, there are two components: the burden of producing (or going forward with) evidence and the burden of persuasion." ***Kinzenbaw v. Dir. of Revenue***, 62 S.W.3d 49, 53 (Mo. banc 2001).

> The burden of production is a party's duty to introduce enough evidence on an issue to have that issue decided by the fact-finder, rather than decided against the party in a peremptory ruling such as summary judgment or a directed verdict. . . . The burden of persuasion is a party's duty to convince the fact-finder to view the facts favorably to that party.

***Johnson v. Dir. of Revenue,*** 411 S.W.3d 878, 884 (Mo.App. 2013) (internal citations omitted). "'A presumption has [] the effect of throwing upon him against whom it is raised the burden of proceeding with his proof, but not shifting the general burden of proof in the case[.]'" ***Griffith v. Cont'l Cas. Co.***, 253 S.W. 1043, 1048 (Mo. banc 1923) (quoting 1 JONES COM. ON EVIDENCE, § 10f). Meaning, once the presumption of identity was raised by the uncontested existence of Exhibit 2 bearing signatures identical to the Nicholsons' names, the burden of production of evidence on that issue shifted to the Nicholsons, even though the overall burden to prove the existence of an arbitration agreement remained with Surrey.

13

In the face of the presumption of identity created by the uncontested existence of Exhibit 2 and the failure of the Nicholsons to produce any evidence to rebut that presumption, the trial court misapplied the law in denying Surrey's Renewed Motion to Compel Arbitration by requiring Surrey to produce additional evidence of the Nicholsons' identity as the signatories of Exhibit 2. Surrey's second point is granted, and the trial court's order is reversed.

Our reversal of the denial of Surrey's Renewed Motion to Compel Arbitration for the Nicholsons' lack of proof in rebutting the presumption of identity raises the question as to whether we should remand the case for a new hearing on this motion. Where a party has obtained a favorable decision in the trial court based upon the trial court's conclusion that sufficient evidence to support the decision was presented, we will reverse without remand only if we are persuaded that the party with the burden of producing evidence has no evidence to present on that issue on retrial. *Kenney v. Wal–Mart Stores, Inc.*, 100 S.W.3d 809, 818 (Mo. banc 2003). "The preference is for reversal and remand." *Id.* (quoting *Warren v. Paragon Tech. Group, Inc.*, 950 S.W.2d 844, 846 (Mo. banc 1997) (citing *Moss v. Nat'l Super Markets, Inc.*, 781 S.W.2d 784, 786 (Mo. banc 1989)). While it may appear doubtful, we cannot say with certainty, given the state of the record at the time the trial court ruled on this motion, that the Nicholsons have no evidence to present on this issue. Therefore, remand for a new hearing would be appropriate.

## Decision

In the first appeal, Appeal No. SD32745, the trial court's order denying Surrey's Renewed Motion to Compel Arbitration is reversed, and the case is remanded for a new hearing on that motion and for further proceedings consistent with this opinion. The second appeal, Appeal No. SD33075, is dismissed.

14

GARY W. LYNCH, J. – Opinion author

MARY W. SHEFFIELD, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs