

## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| KYLE SANFORD, | ) | |
| | ) | WD77848 |
| Respondent, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| CENTURYTEL OF MISSOURI LLC, | ) | October 28, 2015 |
| | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
**Honorable Christine Carpenter, Judge**

**Before Division Two:**
**Thomas H. Newton, P.J., Victor C. Howard, and Mark D. Pfeiffer, JJ.**

CenturyTel of Missouri, LLC d/b/a CenturyLink (CenturyLink) appeals a trial court order granting Mr. Kyle Sanford's motion for partial summary judgment, which resulted in an order denying CenturyLink's motion to compel arbitration in a putative statewide class action filed under the Missouri Merchandising Practices Act (MMPA), § 407.010 RSMo *et seq.,* to challenge a surcharge CenturyLink imposed on its Internet service customers. We dismiss the appeal as untimely.

Mr. Sanford, a Boone County, Missouri, resident, contracted with CenturyLink to purchase a package of services, including its "Pure Broadband Package," for Internet access. He used the services from January 2012 to August 2012. Mr. Sanford filed a petition against CenturyLink in December 2012 on behalf

of a putative class of Missouri consumers, alleging that a monthly "Universal Service Fund Surcharge," which CenturyLink imposed on its customers, violated the MMPA because the Federal Communications Commission has ruled that this surcharge does not apply to Internet-only services. He further claimed that if CenturyLink justifies the surcharge "by providing more than internet-only services, the Named Plaintiff and Class Plaintiffs did not agree to these services."

CenturyLink filed a motion to dismiss or stay and compel arbitration, asserting that Mr. Sanford's claims were subject to an "Internet Services Agreement" that contained an arbitration clause limiting the individual claim to arbitration or small claims court.[1] The trial court denied CenturyLink's motion to dismiss in July 2013 and ordered the parties to conduct discovery limited to the issue of arbitrability. Mr. Sanford thereafter filed a motion for "partial summary judgment limited to the issues of consideration and scope of the alleged agreements to arbitrate." That motion requested an order to deny CenturyLink's motion to compel arbitration. A July 10, 2014, docket entry reflects a court "order" granting the partial summary-judgment motion. It states,

> After hearing and review of the pleadings the Court finds there is no genuine issue of material fact on the issue of consideration and the issue of arbitrability and the Movant is entitled to Partial Summary Judgment as a matter of law. Partial Summary Judgment is entered in favor of the Plaintiff as prayed.

CenturyLink filed a notice of appeal on August 18, 2014, which this Court dismissed in September on the ground that the case lacked a final and appealable judgment under section 512.020 RSMo 2000 and Rule 74.01(a). We subsequently

---

[1] Two agreements were initially at issue, but the parties have narrowed their focus on appeal to the agreement related to Mr. Sanford's broadband Internet-service package.

2

granted CenturyLink's motion for rehearing and reinstated the appeal, encouraging the parties to "consider, and address as appropriate, other contexts in which orders are subject to appeal independent of a final judgment." In this appeal, Mr. Sanford filed a motion to dismiss and argues that this Court lacks jurisdiction because CenturyLink's notice of appeal was untimely.

CenturyLink raises the following points on appeal: (1) whether its appeal of the order granting Mr. Sanford's motion for partial summary judgment was timely; whether the trial court erred in denying CenturyLink's motion to compel arbitration under (2) Louisiana and (3) Missouri contract law pertaining to consideration; and (4) whether the trial court erred in denying its motion to compel arbitration because the dispute falls within the arbitration clause's broad scope. Because we are granting Mr. Sanford's motion to dismiss, we do not address this appeal on the merits.

The timeliness of CenturyLink's notice of appeal is a matter that goes to our authority to decide the merits.[2] CenturyLink contends that it has a statutory right to appeal the trial court's ruling under section 435.440.1,[3] which, as part of the Missouri Uniform Arbitration Act, permits an appeal to "be taken from: An order denying an application to compel arbitration made under section 435.355." The order grants Mr. Sanford's motion for partial summary judgment, an order not necessarily final or appealable.[4] Because its effect was to deny CenturyLink's motion to compel

---

[2] *See, e.g., Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 471 (Mo. banc 2011) ("Timely filing of a notice of appeal is jurisdictional.") (quoting *Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 640 (Mo. banc 2005)).

[3] All statutory references are to RSMo 2000, unless otherwise stated.

[4] *See, e.g., Exec. Bd. of Mo. Baptist Convention v. Mo. Baptist Found.*, 380 S.W.3d 599, 605-06 (Mo. App. W.D. 2012) (noting that partial summary judgment could be deemed final if it disposes of a distinct "judicial unit").

3

arbitration, however, and, indeed, this was the relief Mr. Sanford had requested, we agree that the order falls within section 435.440.1.

Subsection 2 further states that "[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action," but it does not otherwise specify applicable filing deadlines. CenturyLink argues that under Rule 81.04(a),[5] a judgment may be appealed not later than ten days after the "judgment or order appealed from becomes final," and, because a judgment becomes final thirty days after its entry under Rule 81.05(a), CenturyLink's notice of appeal, filed within ten days following that thirty-day period, was timely. It also contends that under Rule 74.01(a), a judgment is defined as "a decree and any order from which an appeal lies." Thus, it concludes, because Rule 81.05(a) renders a judgment final thirty days after its entry, an appealable order (such as the order at issue here) also does not become final until the expiration of that thirty-day period.[6]

CenturyLink has cited an Eastern District case handed down after briefing in this matter concluded and argues that its comprehensive discussion of how the civil procedure rules intersect with an order denying a motion to compel arbitration supports CenturyLink's position. *Motormax Fin. Servs. Corp. v. Knight*, No. ED102257, 2015 WL 4911825 (Mo. App. E.D. Aug. 18, 2015). During oral argument, CenturyLink conceded that the Eastern District court acknowledged a

---

[5] Rule references are to Missouri Rules of Civil Procedure (2014).

[6] CenturyLink also refers to *Tudor v. Behrend-Uhls*, 844 S.W.2d 26 (Mo. App. W.D. 1992), to support its argument that our civil procedure rules do not distinguish among different types of judgments in terms of the time limits for taking appeal. That case involved a summary judgment rendered in favor of one of the defendants under Rule 74.01(b). This Court ruled that the judgment did not become final until thirty days had passed and thus the appeal, filed within the ensuing ten-day period, was timely. *Tudor*, 844 S.W.2d at 27-28. Because the case did not involve an appealable order, we do not find it relevant to our analysis.

4

conflict with a Southern District ruling addressing this issue. *Hershewe v. Alexander*, 264 S.W.3d 717, 718 (Mo. App. S.D. 2008), held that a notice of appeal must be filed within ten days of entry of an order denying a motion to compel arbitration. We agree that the two cases conflict.[7] For reasons discussed below, we find *Hershewe* to be more compelling.

We question whether Rule 81.05(a) applies to a trial court order denying a motion to compel arbitration. First, the Missouri Supreme Court has expressly distinguished orders denying arbitration from final judgments. *See Lawrence v. Beverly Manor*, 273 S.W.3d 525 (Mo. banc 2009). There, the court acknowledged "the appealability of orders denying arbitration despite the fact that *such orders are not final judgments*." *Id.* at 527 n.2 (emphasis added). Second, the court in *Hershewe,* 264 S.W.3d at 718, has categorically determined that "orders denying motions to compel arbitration are final and appealable immediately after the order has been issued and the notice of appeal must be filed within ten days of the final order denying an application to compel arbitration."[8] *See also Johnson v. Vatterott Educ. Ctrs., Inc.*, 410 S.W.3d 735, 737 n.1 (Mo. App. W.D. 2013) (citing *Lawrence v.*

---

[7] The court in *Motormax Fin. Servs. Corp. v. Knight*, No. ED102257, 2015 WL 4911825 at *2 (Mo. App. E.D. Aug. 18, 2015), denominated its order denying a motion to compel arbitration a "judgment," while the order denying arbitration in *Hershewe v. Alexander*, 264 S.W.3d 717, 718 (Mo. App. S.D. 2008), was not so denominated. Given the definition of "judgment" in Rule 74.01(a), however, this "procedural" difference is not a basis for distinguishing the cases. To hold otherwise would require an unnecessary redundancy in that section 435.440.1 already designates as appealable an order denying a motion to compel arbitration. Also, as noted in the opinion, we do not follow the Eastern District case of *Motormax Fin. Servs. Corp. v. Knight*. Pursuant to Supreme Court Operating Rule 22.01, and Western District Special Rule XXXI, the court en banc has reviewed and approved this opinion.

[8] The Southern District has further characterized the denial of a motion to compel arbitration as an interlocutory order that may be appealed under section 435.440, "independent of section 512.020 granting a right to appeal a final judgment," and need not be denominated as a judgment to be appealable. *Nicholson v. Surrey Vacation Resorts, Inc.*, 463 S.W.3d 358, 366-67 (Mo. App. S.D. 2015).

*Beverly Manor* and stating, "The order denying Vatterott's motion to compel arbitration was immediately appealable."); *Sennett v. Nat'l Healthcare Corp.*, 272 S.W.3d 237, 240 (Mo. App. S.D. 2008) (noting that Federal Arbitration Act and section 435.440.1 "authorize immediate appeal and *de novo* review of a denial of a motion to compel arbitration"); *Dunn v. Security Fin. Advisors, Inc.*, 151 S.W.3d 140, 143 (Mo. App. W.D. 2004) (ruling that the denial of a motion to compel arbitration is subject to "immediate appeal"); *Young v. Prudential Sec., Inc.*, 891 S.W.2d 842, 844 (Mo. App. E.D. 1995) (finding that the orders the Legislature has designated as appealable under section 435.440 "partake of such finality as to constitute final orders or judgments.").[9]

With a body of Missouri case law stating that an order denying a motion to compel arbitration is subject to "immediate appeal" and describing section 435.440 orders as partaking of "such finality as to constitute final orders or judgments," we cannot reach any other conclusion. It is significant to our conclusion that in other scenarios where otherwise *interlocutory* "orders" are declared by law to be final for purposes of appeal, our courts have concluded that the ten-day time frame within which to file a notice of appeal begins to run immediately. In *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392-93 (Mo. banc 1993), the supreme court held that

---

[9] The Kansas Supreme Court's discussion on the finality of orders granting or denying motions to compel arbitration is instructive. *Nat'l Educ. Ass'n—Topeka v. Unified Sch. Dist. No. 501*, 925 P.2d 835 (Kan. 1996). The court set forth relevant text from the Prefatory Note to the Uniform Arbitration Act on which the Kansas and Missouri statutes are based: "The section on Appeals is intended to remove doubts as to what orders are appealable and to limit appeals prior to judgment to those instances where the element of finality is present." *Id.* at 837-38. The court also quoted the chair of the committee that drafted the Act as follows: "Under the new act, the appealable orders are specifically designated and are confined to those final in nature, such as orders denying motions to compel arbitration." *Id.* at 838. The court thus concluded, "If the trial court denies a motion to arbitrate, then no other action can be taken by either party. Thus, this is a final order and appealable." *Id.*

an appeal from an interlocutory order granting a motion for new trial (appealable under section 512.020(1)) must be filed within ten days of its entry.[10] In *Craft v. Philip Morris Companies, Inc.*, 190 S.W.3d 368, 376 (Mo. App. E.D. 2005), the Eastern District held that an order granting or denying class certification (appealable under section 512.020(3)) must be filed within ten days of its entry. Similarly, Missouri courts have held that interlocutory probate court orders declared "final for purposes of appeal" by section 472.160.1 must be appealed within ten days of their entry. *In re Estate of Standley*, 204 S.W.3d 745, 748-49 (Mo. App. S.D. 2006).[11]

We would further note that when the order denying the motion to compel arbitration was entered here, the controlling authority on the timeliness of an appeal from such orders was *Hershewe*. In light of that authority, a party taking action that did not conform did so at its peril.[12] The trial court's order was final, and CenturyLink had ten days to take its appeal from that order. Because it did not do so, its appeal, filed more than ten days after it was entered, was not timely.

---

[10] *See also Clayton v. Clayton*, 679 S.W.2d 431, 431 (Mo. App. E.D. 1984) (holding that, to be timely, notice of appeal from order granting motion for new trial must be filed within ten days); *Dayringer v. Mullen*, 651 S.W.2d 500, 502 (Mo. App. W.D. 1983) (holding that order granting motion for new trial is "final when entered" and must be appealed within ten days).

[11] These cases should be distinguished, however, from the cases addressing the time frame to appeal an "order" resolving post-conviction motions under Rules 24.035 and 29.15. Although these rules have been interpreted to permit appeal from an "order" not denominated a "judgment," the order is nonetheless treated as "final" in the traditional sense, as it resolves all issues as to all parties, thus subjecting it to the "30+10" time frame for filing a notice of appeal. *See State v. Reber*, 976 S.W.2d 450, 451 (Mo. banc 1998) (holding that denomination requirement of Rule 74.01(a) does not apply to Rules 29.15 and 24.035); *Thomas v. State*, 180 S.W.3d 50, 52-54 (Mo. App. S.D. 2005) (holding that a judgment resolving a Rule 24.035 motion is subject to Rules 75.01 and 81.05(a)).

[12] We recognize that the definition of "judgment" in Rules 74.01(a) and 81.05(a)(1) to collectively describe the traditional "30+10" time frame for calculating the time for filing a notice of appeal, combine to create confusion in calculating the time to appeal an *interlocutory* "order" that has been declared by law to be eligible for immediate appeal upon its entry. *Cf. Long v. Long*, No. WD77510, 2015 WL 5025130, at *2-*4 (Mo. App. W.D. Aug. 25, 2015) (addressing obligation to appeal within ten days of "finality" a contempt order which is not final when entered but which becomes final for purposes of appeal upon subsequent attempts to enforce).

7

We would also observe, as a matter of policy, that this interpretation will advance the interests promoted by arbitration, which include allowing "for efficient, streamlined procedures" and the speedy resolution of disputes. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1749 (2011). Accordingly, we grant Mr. Sanford's motion to dismiss CenturyLink's untimely appeal and remand for further proceedings consistent with this opinion.

/s/ THOMAS H. NEWTON
Thomas H. Newton, Presiding Judge

Howard and Pfeiffer, JJ. concur.